UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LYNELL WILLIS, JR.,     Plaintiff,

v.     Civil Action No. 3:20-cv-411-DJH

BEYONCE G. KNOWLES CARTER, et al.,     Defendants.

* * * * *

## ORDER

This is a *pro se* action initiated by Plaintiff Lynell Willis, Jr. Upon review of Plaintiff's application to proceed without prepayment of fees, the Court finds that Plaintiff makes the financial showing required by 28 U.S.C. § 1915(a). Accordingly, **IT IS ORDERED** that the application (DN 4) is **GRANTED**.

This matter is now before the Court upon initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the instant action will be dismissed.

### I.

Plaintiff names as Defendants in this action Beyonce G. Knowles Carter, Matthew Knowles, Tina Knowles Lawson, Columbia Records, and Sean Carter, also known as Jay-Z. He states that the basis of jurisdiction is federal question jurisdiction as follows: "Money Loitering, kidnapp F.B.I. & U.S. Marshall (self) harassment stalking." In the statement-of-the-claim portion, he states, *in toto*:

> Jay-Z was in on this kidnapp (family or past drug associates). I'm the real B.K. Mark Carter. The Knowles knew as well to including my family and their family (Shumate, Wills, Carter etc) friends. The woman Beyonce is a fraud, the company is a fraud, copywrote my music though.

As relief he asks the Court to "DNA test Beyonce, Jay-Z, [illegible] and other children on television (my kids)."

II.

Because Plaintiff is proceeding without the prepayment of fees, or *in forma pauperis*, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*. The Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. The Court finds that Plaintiff's allegations in this case are clearly baseless.

Additionally, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). The allegations in Plaintiff's complaint meet this standard, as well. The instant action, therefore, must also be dismissed for lack of subject-matter jurisdiction.

**III**.

The Court will enter a separate Order dismissing the action for the reasons stated herein.

Date:


cc: Plaintiff, *pro se*
4416.009